**In Re the Marriage of Beverly Jean LEACH, petitioner, Respondent**

v.

**Robert Gene LEACH, Appellant.**

**No. C4–84–754.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

James W. Shoemaker, Wilson, Thorwaldsen & Shoemaker, Detroit Lakes, for respondent.

Robert W. Irvine, Irvine, Ramstad, Quam, Briggs, Irvine & Jordheim, Detroit Lakes, for appellant.

Considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The husband appeals the award to the wife of $200 per month maintenance for four years. We affirm.

## ISSUE

Did the trial court err in awarding the wife maintenance?

## FACTS

Beverly and Robert Leach's marriage was dissolved after approximately nine and one-half years. The couple have no children and no real property. Their personal property was limited to two cars, a boat, and household furnishings and goods. The decree awarded the husband the boat, one car and a portion of the household goods and furnishings. The wife received the remainder.

At the time of the dissolution, the husband earned $1,481.74 net per month as a beauty supply distributor. The wife earned $802.83 net per month as a clerk and switchboard operator. Her living expenses total approximately $600 per month, not including rent, utilities or car maintenance. Since the parties' separation she has lived with her parents.

The decree originally required the husband to pay $250 per month maintenance for three years. The husband moved for amended findings. To reduce hardship upon the husband the trial court amended the decree to require payments of $200 per month for four years.

## ANALYSIS

A trial court has broad discretion with regard to maintenance. Its determination will be overturned only upon a clear abuse of discretion. Each case must be determined upon its own facts and no single statutory factor is dispositive in determining the type or amount of maintenance. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39 (Minn.1982).

Awards of spousal maintenance are governed by Minn.Stat. § 518.552 (Supp. 1983). A trial court may award maintenance if it finds the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs, and is unable to adequately support herself. Minn.Stat. § 518.552, subd. 1. The court must consider the factors outlined in Minn.Stat. § 518.552, subd. 2.

The husband contends that *Otis v. Otis*, 299 N.W.2d 114 (Minn.1980), controls. He argues that under *Otis*, since the wife is relatively young, healthy, regularly employed and not seeking additional training, she is not entitled to *any* maintenance. The Minnesota Supreme Court held in *Otis* that it is inappropriate to award *permanent* maintenance where a spouse is capable of becoming self-supporting. The case does not preclude the award of temporary maintenance to help a spouse make the transition to self sufficiency.

■ The trial court found that the wife is unable to adequately provide for herself. She must rely upon her parents for housing. To help ease the wife's transition to self sufficiency, the court awarded minimal temporary maintenance. In setting maintenance the court considered the wife's limited earning potential, the length of the Leaches' marriage and their standard of living. The court did not abuse its discretion in awarding temporary maintenance.

## DECISION

We affirm the trial court's award of $200 per month maintenance for four years.